## WEIDLICK PEN MFG. CO. v. PALACE DRUG CO. et al. (No. 3204.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1926.)

1. **Fraudulent conveyances** ⊛47—**Purchaser's failure to notify creditors does not render it liable to unpaid creditor, whose claim was not listed by seller, where claims of all listed creditors were paid (Bulk Sales Law [Rev. St. 1911, art. 3971], as amended by Acts 34th Leg. [1915] c. 114 [Vernon's Ann. Civ. St. Supp. 1918, art. 3971]).**

Bulk Sales Law, as amended by Acts 34th Leg. (1915) c. 114 (Vernon's Ann. Civ. St. 1918, art. 3971), does not require purchaser to notify creditors whose claims are paid, so as to render it liable to unpaid creditor, whose claim was not listed by seller, because of failure to send out notices.

2. **Fraudulent conveyances** ⊛47 — **Purchaser may rely on correctness of seller's list of creditors, unless he knows contrary, and, after paying price, is not liable for claim of which he had no notice until after statutory time (Bulk Sales Law [Rev. St. 1911, art. 3971], as amended by Acts 34th Leg. [1915] c. 114 [Vernon's Ann. Civ. St. Supp. 1918, art. 3971]).**

Purchaser of stock of goods may rely on correctness of list of creditors furnished by seller, as required by Bulk Sales Law (Rev. St. 1911, art. 3971, as amended by Acts 34th Leg. (1915) c. 114 (Vernon's Ann. Civ. St. Supp. 1918, art. 3971), unless he knows to contrary, and, after paying purchase price, is not liable for claim of which he had no notice until after expiration of statutory time.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by Weidlick Pen Manufacturing Company against the Palace Drug Company and another. From a judgment for named defendant, plaintiff appeals. Affirmed.

Bartlett & Newland, of Linden, for appellant.

O'Neal & Harvey, of Atlanta, for appellee.

HODGES, J. This suit originated in the justice court. It is an action by the appellant against the appellee and one J. T. Nipper to recover the sum of $30.90 due upon an account against Nipper. On appeal to the district court a judgment was rendered in favor of the appellant against Nipper, but no recovery was allowed against the appellee.

The following are, in substance, the agreed facts appearing in the record before us: Prior to the origin of this controversy J. T. Nipper was engaged in the retail drug business in Atlanta, Tex., under the name of the Nipper Drug Company. On August 30, 1924, he contracted to sell his entire stock of drugs, in bulk, to the Palace Drug Company, a partnership composed of L. F. Allday, O. L. Smith, T. R. Ritchie, J. A. Starkey, W. C.

Kidwell, and J. D. Hartzo. At the request of the Palace Drug Company a certified list of the creditors of the Nipper Drug Company, as required by article 3971 of the Revised Statutes of 1911, as amended (Vernon's Ann. Civ. St. Supp. 1918, art. 3971), known as the Bulk Sales Law, was furnished by Nipper. That list did not contain the names of all the creditors of Nipper. Among those omitted was the name and claim of the appellant. The list furnished showed, in the aggregate an indebtedness of $3,169.19. The purchase price paid for the Nipper stock amounted to $5,000, and was the reasonable cash value of the goods. The day after the sale was agreed upon the Palace Drug Company took charge of the stock of goods, and at the same time deposited the purchase price of $5,000 in a local bank, to be paid out to Nipper's creditors. The entire sum was later used in paying the debts listed by Nipper prior to the sale, and such other claims as were presented that were not listed.

No notice was sent to any of the creditors as provided for in the Bulk Sales Law, but each creditor was paid the full amount of his claim. The claim of the appellant, not being listed by Nipper, and the appellees having no knowledge of its existence until several weeks after the transfer of the goods and the payment of the other claims, and after the exhaustion of the purchase money, was not paid when presented.

[1] It is contended in this appeal that under these facts the Palace Drug Company was liable for appellant's debt because of the failure to send out the notices as provided for in the following article of the statute:

"Art. 3971. The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor unless the purchaser or transferee demand and receive from the seller or transferor a written list of names and addresses of the creditors of the seller or transferor, with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

[2] The purpose of that statute was to enable creditors to protect their claims, and the purchaser to protect his stock. The statute does not require the doing of something unnecessary. There was no occasion to notify

a creditor whose claim was paid. The purchaser has a right to rely upon the correctness of the list furnished by the seller, unless he knows to the contrary. Brecht v. Rabinowitz (Tex. Civ. App.) 275 S. W. 213. After paying the purchase price, he is not liable for a claim of which he has no notice till after expiration of the statutory time.

We think under the facts of this case the court rendered the proper judgment, and it is accordingly affirmed.